UNITED STATTES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Michelle Jacobson,<br><br>       Plaintiff,<br><br>v.<br><br>County of Chisago and<br>Richard Duncan, both individually and<br>in his official capacity as Sheriff of County of<br>Chisago,<br><br>       Defendants. | Case No. 18-cv-02528 SRN/HB<br><br><br><br>**ANSWER AND CROSSCLAIM OF<br>DEFENDANT RICHARD DUNCAN** |

Defendant Richard Duncan for his Answer and Crossclaim to the Complaint herein, states and alleges as follows:

1. Defendant denies each and every allegation of Plaintiff's Complaint except as hereinafter stated, qualified or admitted.

2. With regard to paragraph 1 of the Complaint, Defendant Duncan is aware that Plaintiff is an individual, but has no knowledge regarding Plaintiff's residence.

3. Defendant admits paragraphs 2-5 of the Complaint.

4. With regard to paragraphs 6-8 of the Complaint, Defendant states that the Complaint speaks for itself with respect to Plaintiff's claims, and denies the assertions of jurisdiction contained paragraphs 7 and 8.

5. Defendant admits the allegations contained in paragraph nine.

6. Defendant denies the allegations contained in paragraph 10 and put Plaintiff to her burden of proof thereon.

7. With respect to the allegations contained in paragraphs 11 and 12, Defendant denies these allegations and put Plaintiff to her burden of proof thereon.

8. Defendant admits the allegations contained in paragraphs 13 – 23.

9. With respect to the allegations contained in paragraph 24, Defendant admits the allegations, with the exception of the allegation that he asked Plaintiff whether she would have a "nervous breakdown", having no recollection of same, and puts Plaintiff to her burden of proof with respect to his use of that term.

10. Defendant admits the allegations contained in paragraphs 25 – 32.

11. With respect to paragraph 33, Defendant states that the letter speaks for itself, and puts Plaintiff to her burden of proof with respect to what was "implied" or "suggested".

12. With respect to the allegations contained in paragraph 34, Defendant admits that he met with Plaintiff in his office on or about November 2, 2017, and admits that he and Plaintiff had a conversation regarding whether or not the two of them would "go along with 'Control Freaks' demands", and admits that the two parties agreed not to go along with said demands.

13. Defendant admits the allegations contained in paragraphs 35 and 36.

14. Defendant admits the allegations contained in paragraph 37, but puts Plaintiff to her burden of proof regarding whether or not any of his statements were made "repeatedly".

15. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 38 and therefore puts Plaintiff to her burden of proof thereon.

16. Defendant admits the allegations contained in paragraph 39.

17. With respect to the allegations contained in paragraph 40, Defendant admits that he met with Plaintiff in his office on or about November 6, 2017, and informed her that his phone

and email had been "hacked". Defendant is without sufficient recollection to admit or deny whether he told Plaintiff that he had "wiped his phone and computer clean". Defendant denies that he informed Plaintiff that he had put the letters in a "safe place" but admits that he instead told her that he had destroyed the letters.

18. Defendant is without sufficient information to admit or deny the allegations contained in paragraphs 41 – 49 and therefore puts Plaintiff to her burden of proof thereon.

19. Defendant admits the allegations contained in paragraph 50.

20. With respect to the allegation contained in paragraph 51, Defendant admits that he declined to be interviewed as part of the investigation on the advice of counsel.

21. Defendant admits the allegations contained in paragraph 52.

22. With respect to the allegations contained in paragraphs 53 and 54, Defendant states that he is aware that such a report exists and states that the report speaks for itself.

23. Defendant admits the allegations contained in paragraph 55.

24. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 56 and therefore puts Plaintiff to her burden of proof thereon.

25. Defendant admits that he resigned his employment on or about May 4, 2019, and states that his resignation letter speaks for itself.

26. Defendant is without sufficient information to admit or deny the allegations contained in paragraphs 58 – 64 and therefore puts Plaintiff to her burden of proof thereon.

27. With respect to the allegation in paragraph 65, Defendant restates his responses above and puts Plaintiff to her burden of proof thereon.

28. With respect to the allegations contained in paragraphs 66 – 68, Defendant denies the allegations and puts Plaintiff to her burden of proof thereon.

29. With respect to the allegation in paragraph 69, Defendant restates his responses above and puts Plaintiff to her burden of proof thereon.

30. With respect to the allegations contained in paragraphs 70 – 72, Defendant denies the allegations and puts Plaintiff to her burden of proof thereon.

31. With respect to the allegation contained in paragraph 73, Defendant restates his responses above and puts Plaintiff to her burden of proof thereon.

32. With respect to the allegations contained in paragraphs 74 – 76, Defendant denies the allegations and puts Plaintiff to her burden of proof thereon.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted
2. Plaintiff's claims are barred in whole, or in part, by the applicable statutes of limitations.
3. Plaintiff has failed to mitigate her alleged damages.
4. Plaintiff has failed to exhaust administrative remedies.
5. The Court lacks subject matter jurisdiction over this lawsuit.
6. Some of the statements made by Defendant are protected by the Freedom of Speech provision of the First Amendment and the parallel provision of Section 1, §3 of the Constitution of the State of Minnesota.
7. Plaintiff's claims are barred by the doctrines of immunity, including but not limited to statutory immunity, qualified immunity, official immunity, and discretionary immunity.

## CROSSCLAIM

For his Crossclaim against Defendant Chisago County, Defendant Duncan states and alleges as follows:

1. Defendant Duncan was, at all material times, Sheriff of Chisago County and was employed by Chisago County in that position.

2. Following receipt of the Complaint herein, Defendant made a request for defense and indemnification to the County.

3. The County failed and refused, and continues to fail and refuse to indemnify Defendant.

4. Defendant is entitled to defense and indemnification for the claims asserted in this lawsuit, insofar as they arose during the course and scope of his employment with the County.

5. As a result of the above, Defendant Duncan is entitled to declaratory judgment that he is entitled to a defense from Defendant Chisago County and for indemnification of any amounts awarded against him.

**WHEREFORE,** Defendant prays for judgment as follows:

1. For judgment against Plaintiff upon all claims for relief.
2. For an award of Defendant's reasonable costs, attorneys fees and disbursements incurred herein.
3. Ordering Defendant County of Chisago to indemnify him in this litigation.
4. For such other relief as the Court deems just, equitable and proper.

October 24, 2020

**WACHTLER LAW OFFICE**

_(signature)_

Christopher K. Wachtler (ID # 0261373)
983 Ashland Ave
St. Paul, MN 55104
Telephone: (651) 983-3769
Email: chris@wachtlerlaw.com

**ATTORNEY FOR
DEFENDANT
RICHARD DUNCAN**

v